**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmanuel Jau Kuel, | No. CV 10-2371-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Peter Miarial Miabek, | |
| Defendant. | |

Plaintiff has filed a complaint, which states:

> I want Peter to Leave me alone. I do not want to stay with him or other [*sic*] person. I also want my documents to get changes.

(Doc. 1.)

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* The Complaint in this case alleges no basis for federal subject matter jurisdiction.

Plaintiff has also moved to proceed in forma pauperis.

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

Additionally,

> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).
>
> In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):
>
>   1. Allegation of jurisdiction
>   2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>   3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>   4. Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.
>
> *Id.* "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id.* In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Id.* at *2-*3.

In its current form, the Complaint does comply with the pleading requirements of Rule 8. Based on the foregoing,

///
///
///
///
///
///

1    IT IS ORDERED that by December 6, 2010, Plaintiff shall file an amended complaint that properly alleges federal subject matter jurisdiction and which clearly articulates his claims against Defendant. If Plaintiff fails to file the amended complaint within this deadline, the Clerk of the Court shall enter judgment of dismissal, without prejudice.

DATED this 5th day of November, 2010.

James A. Teilborg
United States District Judge